UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REDAPT, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>RESTORIX HEALTH, INC. d/b/a RESTORIXHEALTH, a Louisiana corporation, and GORDIAN MEDICAL, INC. d/b/a AMERICAN MEDICAL TECHNOLOGIES, a Nevada corporation,<br><br>Defendants. | Case No. C25-501-RSM<br><br>ORDER GRANTING UNOPPOSED MOTION TO SET ASIDE ORDER OF DEFAULT |

This matter comes before the Court on Defendant Gordian Medical, Inc.'s Motion to Set Aside Order of Default. Dkt. #25. Plaintiff Redapt, Inc. does not oppose the Motion. Dkt. #26.

This case was removed from King County Superior Court on March 20, 2025. Dkt. #1. Plaintiff alleges breach of contract and unjust enrichment. *Id*. On April 30, 2025, Plaintiff moved for an entry of default against Defendant Gordian, which the Court granted on May 2, 2025. Dkts. #15, 18.

Defendant Gordian filed the instant Motion on August 5, 2025. Dkt. #25. Defendant Gordian claims that it did not learn of this litigation until around June 16, 2025, "due to a breakdown in the forwarding of legal process." *Id*. at 3. Defendants Gordian and Restorix Health

previously operated jointly under the same parent company. *Id*. at 3 n.1. Prior to the two entities separating in 2024, Defendant Gordian explains that they shared a single registered agent for service of process who would exclusively notify via email only the in-house counsel of Defendant Restorix. *Id*. Thus, Defendant Gordian contends that its delay in responding in this action was not due to excusable neglect or culpable conduct and that it has meritorious defenses to assert. *Id*. at 3-5.

Under Federal Rule of Civil Procedure 55(c), the Court may set aside an entry of default for "good cause shown." In determining whether good cause exists, the Court must consider: "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Aguilar*, 782 F.3d 1101, 1105 (9th Cir. 2015) (citation omitted). These "*Falk* factors" are guided by a policy that "judgment by default is a drastic step appropriate only in extreme circumstances" and "a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) (citation omitted); *see also Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) ("Cases should be decided upon their merits whenever reasonably possible."). The factors are disjunctive, so the Court may deny a motion to set aside an entry of default if any one of the three *Falk* factors favors default. *See Franchise Holding II, LLC. v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925-26 (citing *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000)).

A "defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010) (citations omitted). "[T]he movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial [decisions], or otherwise manipulate the legal process." *Id*. The Ninth

Circuit has "typically held that a defendant's conduct was culpable for purposes of the factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id*. The defendant "must present specific facts that would constitute a defense." *Mesle*, 615 F.3d at 1094. This burden "is not extraordinarily heavy" and simply requires that "Defendant allege sufficient facts, that if true, would constitute a defense." *Id*. Finally, "the delay must result in tangible harm such as a loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion" rather than merely "being forced to litigate on the merits" in order to be prejudicial. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001) (citation omitted).

The Court finds that these factors weigh in favor of setting aside the entry of default. First, Defendant Gordian has provided a good faith explanation for its failure to timely respond in this action. While Defendants Gordian and Restorix previously used the same registered agent for process service, who would only notify counsel at Restorix of process, this communication broke down after the entities' separation and Gordian's wind-down and dissolution process. *See* Dkt. #25-1, Danner Decl. Upon learning of this litigation from Defendant Restorix's email to Defendant Gordian's "Wind-Down Officer" at CohnReznick on or about June 16, 2025, Gordian immediately began the process of retaining counsel in Washington to appear in this action. *Id*. These actions do not suggest culpable conduct. Second, Defendant Gordian asserts possible meritorious defenses, including failure to state a claim, mitigate damages, or exercise reasonable care and diligence, and estoppel. *See* Dkt. #25 at 3. Third, there is no sign of prejudice, as evidenced by Plaintiff having no opposition or objection to Defendant Gordian's Motion. *See* Dkt. #26. Accordingly, the Court will set aside the default entry.

Having considered the instant Motion, attached exhibits, Plaintiff's unopposed Response, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendant Gordian Medical, Inc.'s Motion to Set Aside Order of Default, Dkt. #25, is GRANTED.

(2) The Court VACATES the Entry of Default, Dkt. #18.

(3) Defendant Gordian must file responsive briefing no later than November 21, 2025.

DATED this 10th day of November, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE